# New York Marine Court.

*Special Term—April 5, 1879.*

## JAMES E. HEDGES *against* WHITEHALL MANUFACTURING CO. (Motion No. 1.)

An appearance by responsible attorneys is good until set aside by the court, and cannot be arbitrarily disregarded by the party upon whom it has been served.

The summons and complaint herein were served March 25, 1879, and on the 31st of the same month the defendants appeared, by Stanley, Brown & Clarke as their attorneys, and demurred to the sufficiency of the complaint.

On the following day (April 1st), at a little before 10 A.M., the plaintiff entered judgment as by default, and about an hour afterwards his attorneys returned the demurrer with the following indorsement thereon : "Returned on the ground the attorneys had no authority to appear or serve the same." The defendants. by the same attorneys who interposed the demurrer, now move to set aside the judgment as irregular.

*Stanley, Brown & Clarke,* for the motion.

*Armstrong & Briggs,* opposed.

McADAM, J.—A majority of the executive committee of the Whitehall Manufacturing Company authorized Stanley, Brown & Clarke to appear herein, for said corporation, and this was sufficient to justify the service by them of the demurrer, and their appearance must be treated as regular until the corporation itself, in some authoritative form, elects to question it. I do not mean to deny the power of the court, upon proper application made for the purpose, to require an attorney, under certain circumstances, to produce his authority to act in the particular matter at issue, but hold that the plaintiff himself has no power to decide the question, in advance of such an application, in the expectation that his decision will be sustained, for an appearance by a responsible attorney is good until set aside, both as to the court and as to him (Denton v. Noyes, 6 *Johns*. 296 ; Hamilton v. Wright, 37 *N. Y.* 502, 505).

The plaintiff was irregular in his practice, and without considering any other question in the case (see Snape v. Gilbert, 13 *Hun*, 494), the motion to set aside the judgment will be granted, with $10 costs.